TODD M. MALYNN (SBN 181595)
Email:  tmalynn@feldmangale.com
ALEJANDRO J. FERNANDEZ (*Pro Hac Vice Pending*)
Email: afernandez@feldmangale.com
A. ROBERT WEAVER (*Pro Hac Vice Pending*)
**FELDMAN GALE, P.A.**
880 West First Street, Suite 315
Los Angeles, California 90012
Telephone No.  (213) 625-5992
Facsimile No.  (213) 625-5993

Attorneys for Plaintiffs
Hand & Nail Harmony, Inc. and Nail Alliance, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAND & NAIL HARMONY, INC., a California corporation, and NAIL ALLIANCE, LLC, a Delaware corporation | **CASE NO.:** |
| | **COMPLAINT FOR:** |
| Plaintiffs, | **(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** |
| v. | **(2) TRADEMARK INFRINGEMENT (15 U.S.C. § 1125);** |
| NAIL CARTEL, INC, a California corporation | **(3) CANCELLATION OF TRADEMARK REGISTRATION, (15 U.S.C. § 1119); and** |
| Defendant. | **(4) UNFAIR COMPETITION (CALIF. BUS. & PROF. CODE § 17200).** |
| | **DEMAND FOR JURY TRIAL** |

Hand & Nail Harmony, Inc. ("Harmony") and Nail Alliance, LLC ("Nail Alliance") (collectively "Plaintiffs" or the "Harmony Parties"), hereby sues Nail Cartel, Inc. ("Nail Cartel"), and alleges as follows:

## JURISDICTION AND VENUE

1.  This action arises out of Nail Cartel's wrongful advertising, promotion, use, offering for sale, sales and distribution of nail care products that infringe Plaintiffs' federally registered and common law protected GELISH mark for nail care products. The action further arises out of the cancellation of Nail Cartel's improperly granted federal trademark registration for the mark GELAVISH. Further still, it arises out of unfair competition against Plaintiffs.

2.  In this action, Plaintiffs seek injunctive relief, destruction of the infringing articles, Nail Cartel's profits and/or its damages, costs of the action, cancellation of United States Reg. No. 4,138,850, and attorney's fees for trademark infringement and unfair competition under 15 U.S.C. §1051, *et seq*., and California Business & Professions Code § 17200.

3.  This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1116, 1119, and 1121.

4.  This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

5.  This Court has personal jurisdiction over Nail Cartel under California Code of Civil Procedure § 410.10, because the Nail Cartel: (i) regularly and intentionally conducts business in California; (ii) has committed tortious acts within California, which have caused injury in California; and (iii) is incorporated in the State of California and maintains a commercial operation within this Judicial District.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, including without limitation Nail Cartel's acts of trademark infringement, and Nail Cartel is subject to personal jurisdiction here.

## HARMONY AND NAIL ALLIANCE

7.  Harmony is a corporation duly organized under the laws of the State of California, and maintains it principal place of business within this Judicial District.

Harmony manufactures, distributes and sells high-quality, soak-off gel polishes and other nail care applications in a wide variety of colors under the famous brand name GELISH. Harmony, using only qualified distributors, sells GELISH products directly to boutiques and salons in this Judicial District and throughout the world.

8.      Nail Alliance is a limited liability corporation duly organized under the laws of Delaware. Nail Alliance owns the GELISH. Nail Alliance exclusively licenses the GELISH mark to Harmony.

9.      The GELISH products sold by Harmony, including its high quality nail care products, have been a phenomenal commercial success. Harmony has sold millions of bottles of the GELISH brand gel polish in the United States and throughout the world.

10.     Unfortunately, Harmony's success in selling the GELISH brand nail care products has attracted numerous infringers of its' intellectual property rights. Such infringers are eager to capitalize on the high demand of GELISH brand nail care products. These infringers willfully dupe consumers into purchasing an ever expanding number of products of unknown quality and origin. Plaintiffs now spend a staggering amount of resources policing and enforcing their intellectual property rights to protect consumers and themselves.

### NAIL CARTEL

11.     Defendant Nail Cartel is a California corporation, upon information and belief, having its principal place of business within this judicial district.

12.     As more fully detailed below, Nail Cartel competes directly with Harmony and Nail Alliance by selling nail care preparation products under the mark GELAVISH, which is confusingly similar to the GELISH mark.

### GENERAL ALLEGATIONS

**A.      Plaintiffs' Famous GELISH mark**

13.     Harmony is the producer of GELISH, an internationally renowned line of nail care products, including gel polishes that cure very quickly and have the flexibility of traditional nail polishes but—unlike traditional nail polishes—are strong enough to remain

on a user's nails for up to three weeks without chipping or peeling.  Harmony's GELISH gel polishes, as well as other nail care products, are offered in salons and spas throughout the United States and worldwide. Consumers, therefore, have come to associate the GELISH mark with Plaintiffs.

14.     Over a period of years, Harmony and Nail Alliance have invested substantial time, money and other resources promoting the Harmony lamps in the United States and throughout the world.

15.     Nail Alliance owns certain registered marks used in connection with GELISH products, including U.S. Reg. No. 3,857,946 for the mark GELISH and Design in connection with "Nail care preparations" in International Class 003 (the "'946 registration"), U.S. Reg. No. 4,096,115 for the word mark GELISH in connection with "Nail care preparations" in International Class 003 (the "'115 registration"), and U.S. Reg. No. 4,511,405 for the word mark VITAGEL BY GELISH in connection with "Nail care preparations" in International Class 003 (the "'405 registration") (collectively the "GELISH registrations"). Nail Alliance exclusively licenses the GELISH registrations to Harmony. The Plaintiffs have used the mark GELISH since at least as early as September 12, 2009.

16.     Nail Cartel has no right or interest in the federally registered and common law GELISH marks.  Nail Cartel is not now, nor has it ever been, authorized to benefit from Plaintiffs' intellectual property rights or otherwise hold themselves out as the source of any GELISH nail care products.

**B.     Defendant's Infringing Activities**

17.     Nail Cartel maintains a fully interactive commercial Internet website at the domain name "www.inmnails.com" in order to, *inter alia*, commercially profit from advertising, promoting, offering, selling and distributing nail care products and accessories for those products, under the mark GELAVISH.

18.     In addition to its website, Nail Cartel uses a distribution network comprising numerous authorized distributors which collectively promote, sale, and distribute its nail

care products.

19.    Upon information and belief, Nail Cartel also advertises, promotes, offers, sells and distributes nail care products under the GELAVISH mark to professional nail care salons.

20.    Nail Cartel conducts this activity in direct competition with the Plaintiffs within the nail care industry.

21.    Eager to capitalize on the commercial success of the Plaintiffs' GELISH nail care products, Nail Cartel–without Plaintiffs' authorization–has intentionally and willfully produced and/or imported in the United States, used, offered to sell, promoted, distributed, and/or sold nail care products under the mark GELAVISH. Nail Cartel's use of the GELAVISH mark is highly likely to cause consumer confusion regarding the source or origin of its products.

22.    Nail Cartel brazenly applied for, and obtained, a federal trademark registration for their GELAVISH mark. Upon information and belief, Nail Cartel is the owner of U.S. Reg. No. 4,138,850 for GELAVISH in connection with "nail care preparations" (hereinafter the "GELAVISH registration").

23.    Nail Alliance, as owner of the GELISH registrations, petitioned the United States Patent and Trademark Office to cancel the GELAVISH registration by instituting cancellation proceeding no. 92/058,475 on January 7, 2014. However, Nail Cartel continues to openly and willfully infringe Plaintiffs' intellectual property rights.

24.    Nail Cartel claims in the GELAVISH registration that it first used the mark GELAVISH in interstate commerce on March 15, 2011. This is long after Plaintiffs' first-use date of the mark GELISH in connection with "nail care preparations." As such, Plaintiffs have senior rights in and to the mark GELISH and any marks confusingly similar thereto.

25.    Nail Cartel's nail care products sold under the GELAVISH mark create the false and misleading impression that Nail Cartel's nail care products are manufactured by, authorized by, sponsored by, or otherwise associated with Harmony and/or Nail Alliance,

which has caused, and is continuing to cause, the Plaintiffs to suffer damages and irreparable injury to the goodwill associated with the famous GELISH marks.

26.   All conditions precedent to the maintenance of this action have been performed, occurred, excused or waived.

## COUNT I

## Trademark Infringement, under  15 U.S.C. §§ 1114

27.   Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1 through 26 as though fully set forth herein, and incorporates them by reference herein.

28.   Plaintiffs were the first to use the federally registered and common law GELISH mark for use in connection with nail care preparations.

29.   As a result of Plaintiffs' continuous use, promotion and sale of products under the GELISH mark, GELISH mark has become widely known among the general consuming public and Plaintiffs are identified in the public's mind as the manufacturer of the products bearing the GELISH mark. Indeed, the GELISH mark is a famous mark.

30.   Nail Cartel's unauthorized use of its GELAVISH mark through the sale, advertising, distribution, and promotion of its nail care products is likely to cause confusion, mistake or to deceive consumers as to the source, origin, sponsorship, approval or authorization of Nail Cartel's nail care products.

31.   Nail Cartel's unlawful conduct has taken place with full knowledge of Plaintiffs' GELISH mark, including the GELISH registrations and, therefore, has been intentional, deliberate and willful.

32.   Nail Cartel's conduct described herein constitutes trademark infringement of the GELISH registrations pursuant to Section 32 of the Lanham Act, 15 U.S.C. §1114.

33.   Plaintiffs are entitled to injunctive relief, and are entitled to recover damages, which may be enhanced, and Nail Cartel's profits pursuant to 15 U.S.C. §§ 1116, 1117 and 1125.

## COUNT II

## Trademark Infringement, under  15 U.S.C. §§ 1125

34.     Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1 through 26 as though fully set forth herein, and incorporates them by reference herein.

35.     Plaintiffs were the first to use the federally registered and common law GELISH mark for use in connection with nail care preparations.

36.     As a result of Plaintiffs' continuous use, promotion and sale of products under the GELISH mark, GELISH mark has become widely known among the general consuming public and Plaintiffs are identified in the public's mind as the manufacturer of the products bearing the GELISH mark. Indeed, the GELISH mark is a famous mark.

37.     Nail Cartel's unauthorized use of its GELAVISH mark through the sale, advertising, distribution, and promotion of its nail care products is likely to cause confusion, mistake or to deceive consumers as to the source, origin, sponsorship, approval or authorization of Nail Cartel's nail care products.

38.     Nail Cartel's unlawful conduct has taken place with full knowledge of Plaintiffs' GELISH mark, including the GELISH registrations and, therefore, has been intentional, deliberate and willful.

39.     Nail Cartel's conduct described herein constitutes trademark infringement, false designation of origin, false association and/or unfair competition of the GELAVISH mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III

## Trademark Registration Cancellation, under  15 U.S.C. §§ 1119

40.     Plaintiffs restate and re-allege each and every allegation set forth in paragraphs 1 through 26 as though fully set forth herein, and incorporates them by reference herein.

41.     The terms GELISH and GELAVISH are nearly identical in appearance, sound, and connotation. The only difference between the GELISH registrations and the

1  term GELAVISH is the insertion of the letters "AV" in the middle of the word.

2      42.    Further, the GELAVISH registration recites goods that are identical to the

3  goods identified in the GELISH registrations (*i.e.* "Nail care preparations").

4      43.    Further still, the goods are provided in similar, same or overlapping markets

5  and channels of trade.

6      44.    Even further still, Nail Cartel's adoption of a confusingly similar mark to

7  GELISH was willful, in bad faith, and deliberately calculated to capitalize on the goodwill

8  associated with the GELISH mark.

9      45.    In addition, Nail Cartel's use of the GELAVISH mark is lessening the

10  capacity of the famous GELISH mark to identify Plaintiffs' goods. Accordingly, Nail

11  Cartel's use of the GELAVISH mark is resulting in dilution.

12      46.    Plaintiffs, the senior user of the mark GELISH have been and will continue

13  to be damaged by the registration of the mark GELAVISH.

14      47.    Plaintiffs are entitled to cancelation of the GELAVISH registration pursuant

15  to 15 U.S.C. § 1119.

16              **COUNT IV**

17      **Unfair Competition Under Calif. Bus. & Prof. Code § 17200**

18      48.    Plaintiffs restate and re-allege each and every allegation set forth in

19  paragraphs 1 through 26 as though fully set forth herein, and incorporates them by

20  reference herein.

21      49.    Plaintiffs were the first to use the federally registered and common law

22  GELISH mark for nail care products, thereby establishing exclusive rights to the GELISH

23  mark.

24      50.    As a result of Plaintiffs' continuous use, promotion and sale of products

25  under the GELISH mark, the GELISH mark has become widely known among the general

26  consuming public and Plaintiffs are identified in the public's mind as the manufacturer of

27  the products contained in the GELISH mark.

28

51.     The care, experience and quality of nail care products marketed and sold under the GELISH mark has resulted in Plaintiffs' nail care products becoming extremely popular and acquiring a national and worldwide reputation for fashion, quality, styling, and authenticity.     Consequently, the GELISH mark has come to symbolize Plaintiffs' reputation for quality and excellence.

52.     Nail Cartel, with knowledge of and intentional disregard for Plaintiffs' prior and exclusive rights in the GELISH mark, has been and is advertising, promoting, offering for sale, selling and distributing nail care products using the confusingly similar GELAVISH mark, thereby, misleading or deceiving consumers as to the association of Nail Cartel's nail care products with Plaintiffs.

53.     Nail Cartel's acts are likely to cause, have caused, and will continue to cause confusion as to the source, origin, approval, authorization and/or sponsorship of Nail Cartel's nail care products.

54.     Nail Cartel's acts are likely to unfairly divert business from Plaintiffs nail care products offered the GELISH mark.

55.     Nail Cartel's conduct has been intentional and willful.

56.     Nail Cartel's unlawful and unfair acts have caused Plaintiffs to suffer irreparable harm, for which Plaintiffs have no adequate remedy at law and which will continue unless and until Nail Cartel's conduct is enjoined.

57.     Plaintiffs are entitled to injunctive relief, and if applicable under any legal theory, costs and attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray for:

A.     Judgment that Nail Cartel has: (i) willfully infringed the GELISH mark, including the GELISH registrations, in violation of 15 U.S.C. §1114 and 15 U.S.C. §1125(a); (ii) willfully infringed the GELISH mark, in violation of 15 U.S.C. §1125(a); (iii) unlawfully obtained the GELAVISH registration; and (iv) unlawfully violated the California Business & Professions Code § 17200;

1      B.     Preliminary and permanent injunctive relief against any continued and/or

2 further infringement, false designation of origin, false association and unfair competition

3 of the GELISH mark by Nail Cartel, its officers, agents, servants, employees, and

4 representatives, and any and all others acting in concert or participation with any of them;

5      C.     Preliminary and permanent injunctive relief against any continued and/or

6 further infringement, false designation of origin, false association and unfair competition

7 of the GELISH mark by Nail Cartel, its officers, agents, servants, employees, and

8 representatives, and any and all others acting in concert or participation with any of them;

9      D.     An order pursuant to 15 U.S.C. §§ 1116 and 1118, and the Court's inherent

10 authority, directing the seizure and destruction of all of Nail Cartel's nail care products

11 packaged within the infringing GELAVISH mark which are in Nail Cartel's possession,

12 custody or control, including but not limited to all advertising and other promotional

13 materials used in furtherance of Nail Cartel's infringements and unfair competition;

14      E.     Cancellation of the GELAVISH registration pursuant to 15 U.S.C. § 1119;

15      F.     An award of Nail Cartel's profits, compensatory damages, and enhanced

16 profits and damages for Defendants' trademark infringements;

17      G.     An assessment and award of the costs of this action, and Plaintiffs'

18 reasonable attorney fees and expenses, together with prejudgment interest pursuant to 15

19 U.S.C. §§ 1117 and 1125; and

20      H.     Such other and further relief as this Court deems just and proper.

21    Dated: October 13, 2014          Respectfully submitted,

22

23

24                             TODD M. MALYNN
                               State Bar No. 181595

25                             Email: tmalynn@feldmangale.com
                             **FELDMAN GALE, P.A.**

26                             *Attorneys for Plaintiff*
                             880 West First Street, Suite 315

27                             Los Angeles, California 90012
                             Telephone:  (213) 625-5992

28                             Facsimile:  (213) 625-5993

COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated:  October 13, 2014                    Respectfully submitted,

TODD M. MALYNN
State Bar No. 181595
Email: tmalynn@feldmangale.com
**FELDMAN GALE, P.A.**
*Attorneys for Plaintiff*
880 West First Street, Suite 315
Los Angeles, California 90012
Telephone:  (213) 625-5992
Facsimile:  (213) 625-5993

COMPLAINT